**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Jason Jonas**, | No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| **Austin Zaback PLLC**, an Arizona Professional Limited Liability Company; **Cash for Houses LLC**, an Arizona Limited Liability Company; **Capital ATM's LLC**, an Arizona Limited Liability Company; **Alegacy Marketing LLC**, an Arizona Limited Liability Company; **Couple of Cats LLC**, an Arizona Limited Liability Company; **Couple of Cats 2 LLC**, an Arizona Limited Liability Company; **Conquerly LLC**, an Arizona Limited Liability Company; and **Austin Zaback and Jane Doe Zaback**, a married couple, | |
| Defendants. | |

    Plaintiff, Jason Jonas ("Plaintiff" or "Jason Jonas"), sues the Defendants Austin

Zaback PLLC, Cash for Houses LLC, Capital ATM's LLC, Alegacy Marketing LLC,

Couple of Cats LLC, Couple of Cats 2 LLC, and Austin Zaback and Jane Doe Zaback

("Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for unpaid minimum wages, unpaid overtime wages, unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Article 8; and the Arizona Wage Act ("AWA"), A.R.S. Title 23, Article 7.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."  Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

3.      The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4.      The AWA, A.R.S § 23-350, et seq., establishes the law regarding payment of wages within the State of Arizona.

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action

over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

7.    At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8.    At all material times, Defendant Austin Zaback PLLC was an Arizona professional limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Austin Zaback PLLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9.    Under the FLSA, Defendant Austin Zaback PLLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Austin Zaback PLLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a

person who acted in the interest of Austin Zaback PLLC in relation to the company's employees, Defendant Austin Zaback PLLC is subject to liability under the FLSA.

10.     At all material times, Defendant Cash for Houses LLC was an Arizona professional limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Cash for Houses LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

11.     Under the FLSA, Defendant Cash for Houses LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Cash for Houses LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Cash for Houses LLC in relation to the company's employees, Defendant Cash for Houses LLC is subject to liability under the FLSA.

12.     At all material times, Defendant Capital ATM's LLC was an Arizona professional limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Capital ATM's LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

13.     Under the FLSA, Defendant Capital ATM's LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of

an employer in relation to an employee.  At all relevant times, Capital ATM's LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Capital ATM's LLC in relation to the company's employees, Defendant Capital ATM's LLC is subject to liability under the FLSA.

14.     At all material times, Defendant Alegacy Marketing LLC was an Arizona professional limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Alegacy Marketing LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

15.     Under the FLSA, Defendant Alegacy Marketing LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Alegacy Marketing LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Alegacy Marketing LLC in relation to the company's employees, Defendant Alegacy Marketing LLC is subject to liability under the FLSA.

16.     At all material times, Defendant Couple of Cats LLC was an Arizona professional limited liability company duly licensed to transact business in the State of

Arizona.  At all material times, Defendant Couple of Cats LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

17.     Under the FLSA, Defendant Couple of Cats LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Couple of Cats LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Couple of Cats LLC in relation to the company's employees, Defendant Couple of Cats LLC is subject to liability under the FLSA.

18.     At all material times, Defendant Couple of Cats 2 LLC was an Arizona professional limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Couple of Cats 2 LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

19.     Under the FLSA, Defendant Couple of Cats 2 LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Couple of Cats 2 LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a

person who acted in the interest of Couple of Cats 2 LLC in relation to the company's employees, Defendant Couple of Cats 2 LLC is subject to liability under the FLSA.

20.    At all material times, Defendant Conquerly LLC was an Arizona professional limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Conquerly LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

21.    Under the FLSA, Defendant Conquerly LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Conquerly LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Conquerly LLC in relation to the company's employees, Defendant Conquerly LLC is subject to liability under the FLSA.

22.    Defendants Austin Zaback and Jane Doe Zaback are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Austin Zaback and Jane Doe Zaback are owners of Austin Zaback PLLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

23.    Under the FLSA, Defendants Austin Zaback and Jane Doe Zaback are employers under the FLSA.  The FLSA defines "employer" as any person who acts

directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Austin Zaback and Jane Doe Zaback had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Austin Zaback and Jane Doe Zaback in relation to the company's employees, Defendants Austin Zaback and Jane Doe Zaback are subject to individual liability under the FLSA.

24.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

25.     Defendants, and each of them, are sued in both their individual and corporate capacities.

26.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

27.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

28.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

29.     At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

30.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

31.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

32.     At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

33.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

34.     Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

35.     At all relevant times, Plaintiff, in his work for Defendant, was engaged in commerce or the production of goods for commerce.

36.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

37.     Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

38.     At all relevant times, all Defendants were joint employers of Plaintiff.

39.     At all relevant times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff; and (2) Defendants were under common control.  In any event, at all relevant times, Defendants were joint employers under the FLSA, 29 C.F.R. § 791.2(b), and *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 917-918 (9th Cir. 2003), and employed Plaintiff.

40.     Further, at all relevant times, Defendants have operated as a "single enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r)(1).  That is, Defendants perform related activities through unified operation and common control for a common business purpose.  *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914-15 (9th Cir. 2003).

## FACTUAL ALLEGATIONS

41.     Defendants own and/or operate as Austin Zaback PLLC and Cash for Houses LLC, an enterprise located in Maricopa County, Arizona.

42.     Austin Zaback PLLC and Cash for Houses LLC are real estate companies.

43.     Plaintiff was hired by Defendants in approximately March 2019.

44.     Plaintiff worked for Defendants until Approximately November 2019.

45.     At all relevant times, in his work for Defendants, Plaintiff's job title was "videographer."

46.     When Defendants hired Plaintiff, they agreed to pay him $60,000 annually, to be paid on a monthly basis, to be Defendants' full-time videographer.

47.     Plaintiff, in his work for Defendants, performed various non-exempt duties including, but not limited to, running Defendants' various social media accounts; filming and editing videos for Defendants, including for various YouTube channels and courses; researching content; writing scripts for video; editing videos daily; filling and stocking ATMs.

48.     Plaintiff, in his work for Defendants, often worked upwards of 70 hours or more per week.

49.     Defendants did not compensate Plaintiff any wage whatsoever for the work he performed for Defendants.

50.     Plaintiff approached Defendants at various times throughout his employment with them asking to be paid and for an explanation as to why he was not being compensated at all, despite the agreed-upon $5,000 per month wage.

51.     In response, Defendants acknowledged their failure to Plaintiff, promised that he would be fully compensated eventually, but provided him with only enough money to cover his monthly living expenses (i.e., rent, telephone bill, and some food).

52.     As such, in his work for Defendants, and throughout his entire employment with Defendants, Plaintiff was not compensated $455 per week on a salary basis.

53.     Defendants controlled Plaintiff's schedules.

54.     At all relevant times, Plaintiff was economically dependent on Defendants.

55.     The following further demonstrate that Plaintiff was an employee:

   a.     Defendants had the exclusive right to hire and fire Plaintiff;

   b.     Defendants made the decision not to pay Plaintiff;

   c.     Defendants supervised Plaintiff and subjected him to Defendants' rules;

   d.     Plaintiff had no opportunity for profit or loss in the business;

   e.     The services rendered by Plaintiff in his work for Defendants was integral to Defendants' business;

f.      Plaintiff was hired as a permanent employee, hired for an indefinite

duration, who generally worked upwards of 70 hours per week for

Defendants;

g.      Plaintiff had no right to refuse work assigned to him by Defendants.

56.     At all relevant times, Defendants did not pay Plaintiff at least the applicable

minimum wage for time he spent working for Defendants, in violation of 29 U.S.C. §

206(a) and A.R.S. § 23-363.

57.     At all relevant times, Defendants did not pay Plaintiff any wage whatsoever

for time he spent working for Defendants, in violation of A.R.S. § 23-350.

58.     During the time that Plaintiff worked for Defendants, Plaintiff regularly

worked in excess of 40 hours in a given workweek without receiving any overtime

premium whatsoever, in violation of the FLSA, 29 U.S.C. § 207(a).

59.     During the time that Plaintiff worked for Defendants, Plaintiff regularly

worked in excess of 40 hours in a given workweek without receiving one and one-half

times his regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a).

60.     Plaintiff was a non-exempt employee.

61.     At all relevant times, Defendants failed to properly compensate Plaintiff for

any of his overtime hours.  During this time, Plaintiff was on call 24 hours per day, seven

days per week, and worked upwards of 70 hours per week, and sometime in excess of 70

hours per week, for Defendants in a given workweek.

62.     At all relevant times, Defendants also failed to properly compensate

Plaintiff at the applicable minimum wage for all of his hours worked for Defendants.

-12-

During this time, Plaintiff was on call 24 hours per day, seven days per week, and worked upwards of 70 hours in a given workweek, and sometime more, for Defendants.

63.     Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff during the course of his employment would violate federal and state law, and Defendants were aware of the FLSA, AMWA, and AWA minimum wage and overtime requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA and the AMWA.

64.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA, AMWA, and AWA.

65.     Plaintiff is a covered employee within the meaning of the FLSA, AMWA, and AWA.

66.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA, AMWA, and AWA.

67.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

68.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

69.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal

to twice the unpaid minimum wages as liquidated damages, interest, and reasonable

attorney's fees and costs of this action under A.R.S § 23-363.

70.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover

from Defendants compensation for treble his unpaid wage damages under A.R.S § 23-

350.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

71.     Plaintiff realleges and incorporates by reference all allegations in all

preceding paragraphs.

72.     Plaintiff was a non-exempt employee entitled to statutorily mandated

overtime wages.

73.     In a given workweek, Defendants failed to pay one and one-half times the

applicable regular rate of pay for all hours worked in excess of 40 hours.

74.     As a result of Defendants' failure to pay Plaintiff one and one-half times his

regular rate for all hours worked in excess of 40 per week in a given workweek,

Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours

worked for the duration of his employment, in violation of 29 U.S.C. § 207.

75.     As a result of Defendants' willful failure to compensate Plaintiff the

applicable overtime rate for all hours worked, Defendants violated the FLSA.

76.     As such, the full applicable overtime rate is owed for all hours that Plaintiff

worked in excess of 40 hours per week.

77.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper overtime rate would violate federal and state law, and Defendants were aware of the FLSA overtime requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

78.    Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

79.    Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Jason Jonas, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants committed one of more of the following acts:

   i.    Violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay proper minimum wages;

   ii.    Willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by willfully failing to pay proper overtime wages;

B.    For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

**COUNT TWO: FAIR LABOR STANDARDS ACT<br>FAILURE TO PAY MINIMUM WAGE**

80.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

81.     As a result of the foregoing allegations, Defendant willfully failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

82.     Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

83.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Jason Jonas, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one of more of the following acts:

i.      Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

ii.     Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

### COUNT THREE: ARIZONA MINIMUM WAGE ACT FAILURE TO PAY MINIMUM WAGE

84.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85.    As a result of the foregoing allegations, Defendant willfully failed or refused to pay Plaintiff the Arizona-mandated minimum wage.

86.    Defendant's practice of willfully failing or refusing to pay Plaintiff at the applicable minimum wage rate violates A.R.S. § 23-363.

-17-

87.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Jason Jonas, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendant committed one of more of the following acts:

i.      Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

ii.     Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

## COUNT FOUR: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

88.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

89.     As a result of the foregoing allegations, Defendant willfully failed or refused to pay Plaintiff wages due and owing to him.

90.     Defendant's practice of willfully failing or refusing to pay Plaintiff wages due and owing violates A.R.S. § 23-350.

91.     Plaintiff is therefore entitled to compensation for treble the amount of the wages due and owing to him, to be proven at trial, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Jason Jonas, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

G.     For the Court to declare and find that the Defendant committed one of more of the following acts:

  i.     Violated minimum wage provisions of the AWA, A.R.S. § 23-350, by failing to pay proper minimum wages;

  ii.     Willfully violated minimum wage provisions of the AWA, A.R.S. § 23-350 by willfully failing to pay proper minimum wages;

H.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

-19-

I.      For the Court to award compensatory damages, including treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

J.      For the Court to award prejudgment and post-judgment interest;

K.      Such other relief as this Court shall deem just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 3rd day of March 2020.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Christopher J. Bendau
Clifford P. Bendau, II
*Attorney for Plaintiff*

-20-